
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEO GABRIELIAN, | No. 14-56523 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-04694-BRO-E |
| v. | |
| LAFAYETTE LIFE INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted October 7, 2016
Pasadena, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

Leo Gabrielian appeals the district court's grant of summary judgment in

favor of Lafayette Life Insurance Company. We have jurisdiction pursuant to 28

U.S.C. § 1291, and we reverse and remand for further proceedings.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** Reviewing for abuse of discretion, *Yeager v. Bowlin*, 693 F.3d 1076, 1079 (9th Cir. 2012), we conclude that the district court abused its discretion in striking from Gabrielian's declaration his statement that he requested to convert his term life insurance policy prior to the five-year policy deadline. Under the "sham affidavit" rule, "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Id.* at 1080.

Here, Gabrielian's deposition testimony that he "may have" contacted Lafayette prior to November 11, 2010 is not in "clear and unambiguous" conflict with his later declaration. *Id.* Nor does Gabrielian appear to have spontaneously recalled when he first contacted Lafayette regarding conversion. Rather, he relied on a letter he had written to Lafayette that he found after his deposition and attached to his declaration.

These facts distinguish Gabrielian's case from *Yeager*, where the deponent claimed to recall dozens of facts on the basis of several documents that he nonetheless failed to attach to a later filed declaration. *Id.* at 1081. The district struck the declaration because the inconsistencies were "so extreme" as to constitute contradiction. *Id.* This is hardly the case here.

When Gabrielian's declaration is considered fully, whether he requested conversion prior to the five-year deadline is a triable issue of fact. It is far from

clear whether Gabrielian was required to submit a formal application for conversion in order to exercise his right to convert. The policy does not address what action is required and the parties' course of conduct does not resolve the issue.

**2.** Gabrielian has also demonstrated that there are triable issues of material fact regarding whether Lafayette properly permitted the policy to lapse for nonpayment.[1] Lafayette does not argue that a Preauthorized Withdrawal form ("PAW") is an invalid method of payment or that Gabrielian's January 2011 PAW was untimely. Rather, Lafayette argues that it rightfully rejected the January 2011 PAW because it 1) failed to specify a premium amount; 2) listed an additional account with fluctuating premium payments; and 3) authorized payments to begin only after the end of the grace period.

Gabrielian points to several previous PAWs he submitted over the life of the policy, however. Three out of the four past PAWs did not specify an amount, yet were accepted and used to secure payment. Lafayette's acceptance and use of the PAWs is consistent with the authorization afforded by the PAW form itself, which

---

[1] We review de novo a district court's decision to grant summary judgment. *Millennium Labs., Inc. v. Ameritox, Ltd.*, 817 F.3d 1123, 1129 (9th Cir. 2016). When deciding whether there are any genuine issues of material fact in dispute, we view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *Id.*

permits Lafayette to withdraw "the necessary amount as provided in the policy." This broad language could easily extend authorization to an account with fluctuating premiums as well.

Further, nothing in the text of the policy or the form would preclude Lafayette from using the January 2011 PAW to pay past-due premiums. In fact, the language of the form authorizing Lafayette"to pay the premium, repay a loan or carry out the other purposes stated herein" could be construed to authorize as much.

Viewed in the light most favorable to Gabrielian, the evidence relating to the PAWs is sufficient to create genuine issues of material fact whether the January 2011 PAW constituted payment of all premiums due.

**3.** Finally, we decline to consider the issues Gabrielian raises for the first time on appeal. Generally, we do not consider new issues unless an exception applies. *Bolker v. Commissioner*, 760 F.2d 1039, 1042 (9th Cir. 1985). Gabrielian argues that the issues regarding the 61-day grace period and equitable estoppel for lack of notice fall into the exception for purely legal issues. *Id.* For the "purely legal" exception to apply, however, the factual record must either be irrelevant or fully developed. *Id*. at 1042. Here, the record has not been fully developed on either issue. Accordingly, the issues have been waived.

**REVERSED and REMANDED** for further proceedings consistent with this disposition.